## BAKER & TAYLOR CO. v. UNITED STATES.

### SAME v. BOWERS, Collector of Internal Revenue.

Circuit Court of Appeals, Second Circuit.
May 7, 1928.

Nos. 249, 250.

1. **Appeal and error ⊗⇒917(1)—Plaintiff is entitled to favorable inferences where judgment appealed from is rendered on demurrer to complaint.**

Where judgment appealed from is rendered on demurrer to the complaint, plaintiff is entitled to have inferences drawn therefrom which are most favorable to him.

2. **Internal revenue ⊗⇒25—Failure to make proper book entry or returns on correct theory is susceptible of correction.**

Mere failure to make proper entry in books of account or to make tax returns on correct theory is susceptible of correction. ·

3. **Internal revenue ⊗⇒7(17), 9(27)—Intangible good will, paid for by income bonds payable from future earnings, held not "invested capital" in determining income and profits tax (Revenue Act 1917, § 207(a), Comp. St. § 6336⅜h(a); Revenue Acts 1918, 1921, § 326 (a) (b), Comp. St. § 6336⅟₁₆i(a) (b).**

Intangible good will, paid for by the issuance of income bonds payable only from future net earnings of corporation, *held* not to constitute "invested capital" within meaning of Revenue Act 1917, § 207(a), Comp. St. § 6336⅜h(a), and Revenue Acts 1918, 1921, § 326(a) (b), Comp. St. § 6336⅟₁₆i(a) (b), so as to authorize its credit as such in computing income and profits taxes.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Capital Invested.]

In Error to the District Court of the United States for the Southern District of New York.

Separate actions by the Baker & Taylor Company against the United States and against Frank K. Bowers, Collector of Internal Revenue, Second District of New York, to recover part of excess profits taxes paid for the years 1917 to 1921, inclusive. Judgment for defendant in each case (21 F. [2d] 787), and plaintiff brings error. Affirmed.

William E. Russell, of New York City (Joseph B. Miller, of New York City, of counsel), for plaintiff in error.

Charles H. Tuttle, U. S. Atty., of New York City (Samuel C. Coleman, Asst. U. S. Atty., of New York City, of counsel), for defendants in error.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge. The question in each of the above cases is whether $400,000, paid by the Baker & Taylor Company in income bonds for the purchase of the good will of a business, ought to have been included as invested capital for the purpose of calculating excess profits taxes. No part of this sum was allowed, and through failure to allow it the Baker & Taylor Company contends that its excess profits were unduly enlarged, and the excess profits taxes were calculated with respect to an invested capital smaller by $400,000 than the correct amount.

The Baker & Taylor Company was the successor of a corporation, the charter of which expired by limitation in 1906. The assets of the former corporation thereupon vested in its two stockholders, Baker and Taylor. The average annual net earnings of that corporation for the last four years of its existence had been $42,000, and the average net tangible capital during the same period was $154,000. By corporate resolutions the Baker & Taylor Company, which had been organized in 1906 to take over the business and property of the old company, received from the two stockholders of the former company net assets other than good will valued at $40,000, and issued to them as payment for the business and assets $40,000 of the stock and $400,000 of the income bonds of the new company. The principal of these bonds, bearing date April 1, 1906, was payable April 1, 1916, and they each provided as follows:

" * * * Said principal sum and said interest thereon are to be paid only from the net earnings of the said the Baker & Taylor Company, ascertained and declared by its board of directors to be applicable to such payments of principal and interest after appropriating to the capital account of said corporation such portion of said net earnings as the said board of directors may deem advisable. , In the event that the accumulated net earnings of the said the Baker & Taylor Company are insufficient to pay the principal hereof at maturity or any unpaid interest due thereon, then this obligation shall be paid from said net earnings as when and as soon as said net earnings are ascertained and declared by its board of directors. This bond may be redeemed in whole or in part by the Baker & Taylor Company at its option at any time before the maturity hereof, by the payment to the holders hereof of the full principal sum or such portion thereof as may be required to pay the part or portion of said bond redeemed, together with interest due thereon. ·* * * *"

The income bonds were all redeemed by partial payments from the corporate earnings, the last of which was made on June 4, 1914. The surplus earnings were charged with these payments.

The cases came before the trial court on motions to dismiss the complaints in the several actions. These motions were granted on the ground that the good will of the business was completely acquired in 1906, and "nothing was given therefor, except the agreement to pay if and when it might demonstrate a value by reason of earnings thereafter to be made."

The earnings of the business, both before and after the transfer of the business and assets of the Baker & Taylor Company, indicated a good will of substantial value, but plaintiff's books of account never carried the good will as a corporate asset.

[1] There is doubt whether the complaints in the actions to recover excess profits taxes really set forth all the facts necessary to a decision, but both sides have argued the appeal as though they did. We have assumed this, and in making the above statement have drawn the inferences most favorable to the plaintiff, as should be done when the judgments appealed from were rendered upon demurrer.

Section 207 (a) of the Revenue Act of 1917 (Comp. St. § 6336⅜h(a) provides in substance that "invested capital" means: (1) Actual cash paid in; (2) the actual cash value of tangible property paid in, other than cash; (3) paid in or earned surplus and undivided profits used or employed in the business, exclusive of undivided profits earned during the taxable year, provided that the good will of a corporation or other intangible property shall be included as invested capital, if the corporation made payment therefor specifically as such in cash or tangible property; but good will purchased with shares in the capital stock of a corporation issued prior to March 3, 1917, in an amount not to exceed 20 per centum of the total shares of the capital stock of the corporation, shall be included in invested capital at a value not to exceed the actual cash value at the time of such purchase, and in case of issue of stock therefor not to exceed the par value of such stock.

Section 326 (a) and (b) of the Revenue Acts of 1918 and 1921 (Comp. St. § 6336⅛i (a) (b) defines "invested capital" as:

(1) Actual cash bona fide paid in for stock or shares;

(2) Actual cash value of tangible property, other than cash, bona fide paid in for stock or shares;

(3) Paid-in or earned surplus and undivided profits, not including surplus and undivided profits earned during the year;

(4) and (5) Intangible property bona fide paid in for stock or shares, provided that in no case shall the total amount exceed in the aggregate 25 per centum of the par value of the total stock or shares of the corporation outstanding at the beginning of the taxable year.

(b) "Invested capital" does not include borrowed capital.

[2] The Baker & Taylor Company not only did not set up the good will as an asset on its books, but the income bonds were not set up as a liability. The net income earned after its incorporation created a surplus, which was charged with the amounts paid in redemption of the bonds, thereby wiping it out pro tanto.

The Baker & Taylor Company made its tax returns for the years in question without reference to the good will as an asset, and without including the item of $400,000, or any portion of it, as part of its invested capital. By not including it, its excess profits tax was, of course, increased. After voluntarily paying the tax, it changed its mind about its own computation of invested capital, and filed a claim for refund, which the Commissioner of Internal Revenue denied. For one of the years it appealed to the Board of Tax Appeals, which held that the item of $400,000 could not be included in invested capital. It is, of course, true that the mere failure to make proper entry in the books of account, or to make returns on a correct theory, is susceptible of correction.

Good will is not tangible property, and cannot come within (1) or (2) of section 207 (a) or 326 (a), supra. Is it "paid-in or earned surplus"? It cannot be "paid-in" surplus, for those words relate to a case where the stock is issued for cash or tangible property at a price above par, and it is not "earned" surplus, for it was not derived from undistributed profits. Edwards v. Douglas, 269 U. S. at page 214, 46 S. Ct. 85, 70 L. Ed. 235. The good will was purchased in 1906 and ex hypothesi neither with present cash nor out of existing earnings, but with income bonds which in terms were not liabilities against the assets of the corporation, but mere promises to pay from future net earnings "after appropriating to the capital account * * * such portion of said net earnings as the board of directors may deem advisable."

It is said that, as the bonds were paid off, the surplus earnings which had accumulated were diminished pro tanto and the good will took its place as surplus. But this argument

is not merely fanciful and without support in the books of the corporation, but cannot possibly be sound. The good will, after it was purchased in 1906, then became to its full extent an asset and by no correct reasoning can be thought to have grown by inches as the income bonds were redeemed. For some reason, which we cannot know (possibly to avoid large capital stock or annual franchise taxes), Baker and Taylor chose to take income bonds rather than preferred stock in payment for the business which they transferred to the corporation. Whatever the reason, these bonds were not obligations affecting the capital of the company which existed at the time of the transfer. They depended for their value solely upon future earnings and were nothing more than a means for securing a distribution of future earnings to the stockholders.

The most plausible ground for granting any relief to the Baker & Taylor Company is that its income bonds were in essentials stock, and that they should, therefore, be treated as shares issued for intangible property, a certain percentage whereof should be included in the invested capital. But while it is true that in England the word "stock" embraces bonds of a private corporation, in America it either refers to shares of a corporation or to state and municipal bonds. In re Bodman, [1891] 3 Ch. 135; Tucker v. Curtin (C. C. A.) 148 F. 929; Attree v. Harve, 9 Ch. Div. 337.

[3] But the income bonds in this case differ from any form of stock with which we are familiar, because neither principal nor interest could in any event be payable, except out of earnings, and, if there had been no earnings, the rights of the holders would have been nil, even upon final liquidation of the assets of the company. A *stockholder* of a solvent corporation, on the other hand, would share in the capital if the company were wound up. It cannot be supposed that the provisions of section 207 (a) of the Revenue Act of 1917, as to "good will" purchased "with shares in the capital stock of a corporation," or of section 326 (a) of the Revenue Acts of 1918 and 1921, relating to intangible property "paid in for stock or shares," contemplated such obligations as these income bonds, which more resembled the "scrip" discussed in Bailey v. Railroad Co., 22 Wall. 604, 22 L. Ed. 840, than stock of a corporation. Whether or not there has been or may be a stock that cannot participate in capital assets of a corporation on final liquidation we need not say, but we do hold that the income bonds in question were not stock within

the meaning of that term in the Revenue Acts.

The intangible good will was not paid for in cash or tangible property or in stock of the corporation. It therefore comes within none of the statutory provisions which might allow it to be treated as invested capital in calculating excess profits taxes. It is unfortunate that it cannot be included at some just value in assessing these taxes, but we are satisfied that the Revenue Acts do not permit such inclusion, and that the complaints were therefore properly dismissed.

Judgment affirmed.