### CONCRETE ENGINEERING CO. v. COMMISSIONER OF INTERNAL REVENUE.

No. 9124.

Circuit Court of Appeals, Eighth Circuit.

April 13, 1932.

George E. H. Goodner, of Washington, D. C., for petitioner.

Norman D. Keller, Sp. Asst. to the Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. to the Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and John D. Foley, Sp. Atty., Bureau of Internal Revenue, both of Kansas City, Mo., on the brief), for respondent.

Before STONE and KENYON, Circuit Judges, and CANT, District Judge.

STONE, Circuit Judge.

This is a petition by a taxpayer to review an order of the Board of Tax Appeals redetermining income and excess profits taxes for the year 1920.

Before the Board of Tax Appeals petitioner urged four errors in the assessment of this tax. One of these had to do with the failure of the Commissioner to allow a depreciation deduction on two patents which formed the foundation of petitioner's business. The Board found the values of the patents, and allowed a depreciation deduction equivalent to one-seventeenth of the value thereof. The petitioner acquiesces in this finding, and that question is not presented here [however, see Burnet v. National Electric Ticket Register Co., 55 F.(2d) 587, this court, opinion filed January 23, 1932]. Another error has to do with the contention that this assessment is barred by limitations. A third error is the failure of the Commissioner to include the value of the above patents as invested capital for the taxable year. The final error is that the Commissioner refused to allow petitioner the benefit of a "special assessment" in accordance with sections 327 and 328 of the Revenue Act of 1918 (40 Stat. 1093). As to this last error, the Board found that petitioner was entitled to this special assessment, and this finding of the Board is acquiesced in by the petitioner, except that it here contends that the Board erred in failing to hold that petitioner is entitled to have its tax liability computed both by special assessment and by the regular statutory basis with allowance of the patents as invested capital, and that whichever of these two methods results in the least tax is the proper one to apply.

## I. Limitations.

The tax return of the petitioner for the year 1920 was filed on March 15, 1921. Under section 277 (a) (3) of the Revenue Act of 1926 (44 Stat. 9, 58, 26 USCA § 1057 (a) (3), taxes were required to be assessed within five years after the return for taxation was filed. Section 278 (c) of the same act (44 Stat. 9, 59, 26 USCA § 1060 note) provided that "where both the commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in Section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon." Under the above statutes, the limitation for the assessment of this tax would (without such consent) have expired on March 15, 1926. On February 2, 1926, a waiver, in the departmental form, was executed by the taxpayer and the Commissioner, expiring December 31, 1926. Upon June 14, 1926, the Commissioner notified petitioner of the deficiency assessment here involved. Petitioner concedes that, if this waiver is valid, the assessment is not barred, but it attacks the validity of this waiver. This attack is upon two grounds, which are: First, that this waiver was signed on the part of the Commissioner, "D. H. Blair, Commissioner, L. G.," which reveals that it was not signed by the Commissioner in person, and there was no showing as to who signed his name to this document; second, that the other signature is "Concrete Engineering Company, by A. P. Jessen, Sec'y-Treas., Taxpayer," and that, under the laws of Nebraska, the secretary of a corporation is not authorized to bind the corporation in the absence of specific authority.

In Stern Brothers & Co. v. Burnet, 51 F.(2d) 1042, 1046, a similar contention was made regarding a waiver signed "D. H. Blair, Commissioner, M. B.," and this court said:

"The contention as to the proper signature is met by the waiver itself, which con-

tains the signature 'D. H. Blair, Commissioner,' and the presumption of the verity of the acts of public officials. United Thacker Coal Co. v. Commissioner, 46 F. (2d) 231, 233 (C. C. A. 1); Trustees for Ohio & Big Sandy Coal Co. v. Commissioner, 43 F.(2d) 782, 784 (C. C. A. 4).

"In general, it may be said as to this controversy and those of a related character that a waiver of this kind is 'essentially a voluntary, unilateral waiver of a defense by the taxpayer,' as stated in Stange v. United States, 282 U. S. 270, 276, 51 S. Ct. 145, 75 L. Ed. 335; also see Florsheim Bros. Drygoods Co. v. U. S., 280 U. S. 453, 466, 50 S. Ct. 215, 74 L. Ed. 542; that the signature by the Commissioner is a statutory requirement made, not for contract purposes, but 'to meet exigencies of administration,' as said in Aiken v. Burnet, 282 U. S. 277, 281, 51 S. Ct. 148, 75 L. Ed. 339; also see Stange v. United States, 282 U. S. 270, 276, 51 S. Ct. 145, 75 L. Ed. 335; Burnet v. [Chicago] Railway Equipment Co., 282 U. S. 295, 298, 51 S. Ct. 137, 75 L. Ed. 349; Florsheim Bros. Co. v. U. S., 280 U. S. 453, 466, 50 S. Ct. 215, 74 L. Ed. 542; Greylock Mills v. Commissioner, 31 F.(2d) 655, 657 (C. C. A. 2); and where the taxpayer, by the execution of the waiver, has obtained delay in the assessment of additional taxes, and a more deliberate and thorough consideration of the questions involved, and where the waiver is regular in form and in the possession of the proper governmental bureau, every presumption should be taken in favor of its validity and binding effect, and the burden is upon the taxpayer to show such invalidity or ineffectiveness, see Trustees for Ohio & Big Sandy Coal Co. v. Commissioner, 43 F.(2d) 782, 784 (C. C. A. 4)."

■ Where a waiver of this character bears a purported signature of the Commissioner, and comes from the files of his office, the presumption is that it has been properly executed, and the burden is upon the taxpayer to prove otherwise, and is not upon the Commissioner to prove the verity or authority of his signature. That burden on the taxpayer has not been here sustained.

■ As to the sufficiency of the signature of the taxpayer: There is no question that the secretary of the taxpayer executed the above signature and affixed to the waiver the corporate seal of petitioner. From the record it is obvious that petitioner secured the advantage of this extension in so far as the Commissioner in reliance thereon was prevented by this waiver from making a deficiency assessment before the expiration of the period of limitation. It may well be that, under the laws of Nebraska, there are many things which a secretary of a corporation cannot alone do so as to bind the corporation, but an act of this sort is of a character which is rather clerical in its character, and a corporate officer cannot be permitted, under the taxing statutes, to sign a waiver and affix the corporate seal in a manner which would naturally induce the Commissioner to act thereon, and, after it has secured the advantage thereof, repudiate the transaction to the harm of the government. There is no claim here that this action of the secretary was in violation or opposition to any action of the board of directors or other governing officers. The waiver must be held good against the objections here urged.

### II. Patents as Capital Investment.

■■ This contention is that the value of the patents should be included as invested capital, and thus results in a reduction of the tax. If such an inclusion is allowable, permission therefor must be found in provisions of the act. The petitioner relies upon section 326 (a) (3) of the Revenue Act of 1918 (40 Stat. 1057, 1092). That section defines the term "invested capital" as used in the act. Petitioner claims that the value of the patents should be regarded as "paid-in * * * surplus," as set forth in subparagraph (a) (3), which is as follows: "Paid-in or earned surplus and undivided profits; not including surplus and undivided profits earned during the year."

Invested capital for the purposes of taxation under this act is expressly defined and limited in section 326, and the matters which are included within that definition must be found in the clear expression of that section. Patents are defined as intangible property for the purposes of the act in section 325 (a), 40 Stat. 1057, 1091. Section 326 (a) has five numbered paragraphs. The division of those paragraphs as to character of property is that the first three refer to tangible property, while the fourth and fifth refer to intangible property. In those definitions, intangible property is included as invested capital only when it is "paid in for stock or shares." Paragraph (3) has no reference to intangible property. In fact, it seems narrowly limited even as to tangible property to money,

since the expressions therein are such as properly apply only to money. Those expressions refer to "surplus" and "undivided profits," and the expression regarding such surplus and profits is that they shall be "paid in or earned."

Nor can these patents be allowable under paragraphs (4) or (5), which refer to intangible property because the requirement there is that such property may form a part of invested capital only where paid in for stock or shares. The record here is undisputed that all of the shares of this corporation were paid for by tangible property, and that the patents came to the corporation from the inventor in the form of pure gifts. While these patents added very substantially to the property and assets of the corporation, they do not come within the statutory definition; therefore they cannot be regarded, for taxation, as any part of the invested capital of the company. The above view is supported by La Belle Iron Works v. U. S., 256 U. S. 377, 388–391, 41 S. Ct. 528, 65 L. Ed. 998, and see Lewis A. Crossett Co. v. U. S., 50 F.(2d) 292, 295 (Ct. Cl.); (Revenue Act 1918) Landesman-Hirschheimer Co. v. Commissioner, 44. F. (2d) 521, 523 (C. C. A. 6); (Revenue Acts 1918 and 1921) Daily Pantagraph v. U. S., 37 F.(2d) 783, 789 (Ct. Cl.); (Revenue Acts 1917, 1918, and 1921) Baker & Taylor Co. v. U. S., 26 F.(2d) 187, 188 (C. C. A. 2), certiorari denied 278 U. S. 615, 49 S. Ct. 19, 73 L. Ed. 538.

In view of the above determination of the second point, there is no place for consideration of the third point, involving special assessments, here urged.

The order of the Board is affirmed, and the petition for review ordered to be dismissed.