MICHAEL JOSEPH GOLDBERG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Goldberg v. Commissioner
Docket No. 1786-82.
United States Tax Court
T.C. Memo 1984-617; 1984 Tax Ct. Memo LEXIS 53; 49 T.C.M. (CCH) 168; T.C.M. (RIA) 84617; November 28, 1984. Michael Joseph Goldberg, pro se. Jody Tancer, for the respondent. KORNER MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: Respondent determined a deficiency in petitioner's individual income tax for the calendar year 1977 in the amount of $532. After concessions, the issues which we must decide are: a. Whether respondent's statutory notice of deficiency to petitioner was time-barred by the applicable statute of limitations, as alleged by petitioner; and b. Whether petitioner is entitled to deduct expenses incurred by him in 1977 in *54 attending law school. Some of the facts herein were stipulated, and such stipulations, together with accompanying joint exhibits, are incorporated herein by this reference. FINDINGS OF FACT At the time of the filing of his petition herein, petitioner's address was in Douglaston, New York. Petitioner timely filed with respondent his individual 1977 income tax return. In that return, and among his claimed miscellaneous deductions, petitioner claimed "educational expenses" in the amount of $2,927. Petitioner graduated from Hunter College in January of 1976 with a BS degree in accounting. Petitioner then began full time employment with Leo Israel and Company, a public accounting firm, and continued in that employment until November of 1978. During the summer of 1976, petitioner began a course of study in the evenings at Adelphi University leading to an MS degree in accounting, and received such degree in May of 1977. Petitioner became a Certified Public Accountant in November of 1977. In September of 1977, petitioner entered law school at St. John's University School of Law. Petitioner attended law school in the evenings. In November of 1978, and while he was *55 still in law school, attending classes in the evenings, petitioner began full time employment in the law firm of Gibney, Anthony & Flaherty, in the tax department of said firm, and remained so employed until the end of November 1980. In December 1980, petitioner began full time employment with the public accounting firm of Brout & Co., in its tax department. Petitioner received his law degree from St. John's University School of Law in June of 1981. He thereafter passed the New York State Bar examination and was admitted as a member of the New York State Bar on January 27, 1982. In connection with the audit of petitioner's 1977 income tax return, petitioner had a meeting with respondent's tax auditor, Mrs. Rose Applebaum, on June 7, 1979. The parties were apparently unable to resolve their differences with regard to petitioner's 1977 income taxes at that time. Thereafter, and apparently in late November 1980, respondent sent to petitioner Treasury Form 872, "Consent to Extend the Time to Assess Tax," requesting petitioner to extend the statute of limitations with respect to the determination of any deficiency for the year 1977 until June 30, 1982. As requested, petitioner *56 executed this extension of the statute of limitations on December 2, 1980, and returned it to respondent, who executed it on December 5, 1980. Respondent's statutory notice of deficiency herein was mailed to petitioner on January 15, 1982. Said statutory notice, inter alia, disallowed the educational expenses claimed by petitioner to the extent of $2,707. Of this amount, petitioner's expenses of attending St. John's University School of Law in 1977, in the amount of $2,547.32, remain in dispute. OPINION 1. The Statute of Limitations Issue.
Petitioner affirmatively pleaded the bar of the three-year statute of limitations under section 6501(a). [1] In his answer, respondent alleged the execution of a valid waiver extending the period of limitations herein until June 30, 1982.Absent such a valid waiver, it is clear that the statute of limitations with respect to the year 1977 would have expired on April 15, 1981. As to this issue, *57 petitioner's contentions are twofold: a. First, petitioner contends that respondent has the burden of proof herein to show that his statutory notice of deficiency was not barred by the three-year statute of limitations. b. Second, petitioner contends that the consent extending the statute of limitations which he executed is ineffective in this case, because it was procured by respondent by fraud or by material misrepresentations of fact by respondent's representative. Petitioner is in error as a matter of law on the first point, and the facts of record do not bear out his contentions as to the second point. The bar of the statute of limitations is an affirmative defense, and must be specifically pleaded by the party raising it. Rule 36. Having raised it in his petition, petitioner bore the burden of proof (i.e., the burden of ultimate persuasion) on this issue. Rule 142(a). In establishing that the three-year statute of limitations would have expired on April 15, 1981, and that respondent's statutory notice was not issued until January 15, 1982, petitioner made a prima facie case for himself. The burden of going forward with the evidence then shifted to respondent, who *58 had the burden of showing the execution of a waiver extending the statute. Robinson v. Commissioner,57 T.C. 735 (1972). Respondent did this, and introduced into evidence a fully executed waiver, valid on its face, extending the period of limitations beyond the date on which respondent's statutory notice was issued. At that point, the burden of going forward shifted back to petitioner to show that such waivers were invalid and ineffective to extend the three-year statute of limitations. Concrete Engineering Co. v. Commissioner,19 B.T.A. 212 (1930), affd. 58 F.2d 566 (8th Cir. 1932); Fiore v. Commissioner,T.C. Memo. 1979-360, affd. by unpublished order (3d Cir. 1980). As to this last step, petitioner has failed in his necessary burden of proof. In his pleadings and on brief, petitioner asserts strenuously that he was misled and induced to sign the waiver because of the fraudulent or intentionally wrong representations of Mrs. Rose Applebaum, respondent's auditor, to the effect that petitioner would lose all his rights of appeal concerning the proposed deficiency if he did not execute the proposed waiver. *59 Mrs. Applebaum, however, who was called to the witness stand by petitioner, gave no corroboration in her testimony to these allegations, and no other evidence was introduced herein which would support them. [2] Ex parte affidavits, statements in briefs, and unadmitted allegations in pleadings (all relied upon by petitioner) do not constitute evidence. Rule 143(b). We accordingly hold that petitioner has failed to carry his necessary burden of proof to show that the statute of limitations bars assessment of the proposed deficiency herein. 2. The Educational Expense Issue.
The record herein shows, as we have found, that petitioner, after obtaining his bachelor's degree in accounting in 1976, went to work for a public accounting firm, and began to take courses leading to a masters degree in accounting, which ultimately was awarded to him in May 1977. In November of that year, petitioner was admitted in New York as a Certified Public Accountant. While all this was going on, in September of 1977, petitioner began going to law school at night, and he ultimately graduated *60 with his law school degree in June of 1981 and was admitted to the New York Bar in 1982. While going to law school, petitioner worked part of the time for two accounting firms, in their tax department, and part of the time for a law firm, in its tax department. Petitioner appears to argue that: (a) having a law degree was useful to him in his practice of tax accounting; (b) respondent has given petitioner inconsistent treatment in disallowing his law school expenses while at the same time not disallowing expenses incurred by petitioner in pursuing his master's degree in accounting; and (c) that under the rules of the New York Bar, petitioner did not have to get a law school degree in order to be admitted to the Bar;ergo, says petitioner, his law school expenses should be allowed as deductions. We find petitioner's arguments confusing and difficult to understand.To the extent that we understand them, we think they have no merit. There is one thing, however, in this case which is perfectly clear: the practice of accountancy and the practice of law are two different professions. Section 162(a) allows as a deduction all the ordinary and necessary expenses paid or incurred *61 during the taxable year in carrying on a trade or business. [3] With regard to expenses for education, section 1.162-5, Income Tax Regs., outlines the types of educational expenses which are deductible, and those which are not deductible. The following portions of section 1.162-5(b)(3) are pertinent herein: (3) Qualification for new trade or business. (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade of business. * * * (ii) The application of this subparagraph to individuals other than teachers may be illustrated by the following examples: Example (1). A, a self-employed individual practicing a profession other than law, for example, engineering, accounting, etc., attends law school at night and after completing his law school studies receives a bachelor of laws degree. The expenditures made by A in attending law school are nondeductible because this course of study qualifies him for a new trade of business. Example (2). Assume the same *62 facts as in example (1) except that A has the status of an employee rather than a self-employed individual, and that his employer requires him to obtain a bachelor of laws degree. A intends to continue practicing his nonlegal profession as an employee of such employer. Nevertheless, the expenditures made by A in attending law school are not deductible since this course of study qualifies him for a new trade or business. The evidence herein shows that during the year 1977 petitioner was employed by an accounting firm. There is no evidence, indeed no allegation by petitioner, that his employer required him to go to law school. Petitioner thus appears to fit comfortably within the second example of the regulations quoted above. A fortiori, if an employee who is required by his employer to go to law school cannot deduct those expenses, an employee who is not so required cannot do so either. We think the law on this point is clear: when petitioner, an accountant, went to law school and was ultimately admitted to the bar, his law school expenses were incurred to qualify him for a new trade or business, and *63 such expenses are therefore not deductible. O'Donnell v. Commissioner,62 T.C. 781 (1974), affd. by unpublished order 519 F.2d 1406 (7th Cir. 1975); Weiler v. Commissioner,54 T.C. 398 (1970); Rehe v. Commissioner,T.C. Memo. 1980-316. While we might readily agree that a legal education could be helpful to an accountant engaged in the practice of tax accountancy, helpfulness is not the test where =P0001*10 the educational expenses involve training or qualification for a new trade or business. Carter v. Commissioner,T.C. Memo. 1979-422; Pedolsky v. Commissioner,T.C. Memo. 1982-157. We accordingly sustain respondent on this issue. Decision will be entered for respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the year in issue, and all Rule references are to the Rules of Practice and Procedure of the United States Tax Court, unless otherwise noted.↩
2. Curiously, petitioner, the other party to this alleged transaction, elected not to testify.↩
3. Petitioner does not contend that he was practicing law in 1977.↩