JAMES E. RIBB AND MARY L. RIBB, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ribb v. Commissioner
Docket No. 45510-85.
United States Tax Court
T.C. Memo 1988-379; 1988 Tax Ct. Memo LEXIS 408; 55 T.C.M. (CCH) 1597; T.C.M. (RIA) 88379; August 16, 1988
Randall S. Boyd, for the petitioners. Stephen W. Brower and Helen T. Repsis, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: This matter was assigned to Special Trial Judge Pate, for consideration and ruling pursuant to the provisions of section 7456(d) (redesignated as section 7443A(b) by the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rules 180, 181 and 183. [1] The Court agrees with and adopts her opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PATE, Special Trial Judge: Respondent, by notice dated November 6, 1985, determined the following deficiencies in petitioners' Federal income taxes: Year
Deficiency
1976
$ 17,675
1978
588     1979
12,424  1981
3,166   Total:
$ 33,853
*410 In addition, respondent asserted that petitioners were liable for additional interest under section 6621(d) in his Answer. [2] The parties have now reached agreement as to the disposition of all matters raised in the notice of deficiency and with regard to section 6621(d). [3] The sole issue remaining for our decision is whether the deficiency for 1976 is barred by the statute of limitations. FINDINGS OF FACT James E. Ribb (hereinafter "petitioner") and Mary L. Ribb, husband and wife, resided in Argyle, Texas, when they filed their petition in this case. In 1976, petitioner was an airline pilot and Mrs. Ribb a homemaker. They timely filed their 1976 joint Federal income tax return (Form 1040) with the Internal Revenue Service n Austin, Texas, prior to April 15, 1977. In August 1978, petitioners were notified by the Internal Revenue Service ("Service") that it was auditing *411 their 1976 income tax return. Upon submitting additional information requested by the Service regarding an interest deduction, petitioner was informed by the examining agent that generally she was satisfied with their return, but that she did not have authority to approve matters relating to partnership items. In late January or early February of 1980 the Service requested that petitioners execute a "Special Consent to Extend the Time to Assess Tax," (Form 872-A) for 1976. Although frustrated with the audit process, they signed the Form 872-A on February 13, 1980. David McCool, a Returns Program Manager for the Dallas District signed on behalf of respondent on February 15, 1980. The Form 872-A executed was a one page standard form, [4] containing the petitioners' names, the type of tax, the tax year involved, petitioners' signatures and date, and signature and date of the person signing on behalf of respondent. It provided that the extension would expire on the earlier of the ninetieth (90) day: (1) after the Service received a termination notice (Form 872-T) from petitioner; or (2) the Internal Revenue Service mailed a termination notice (Form 872-T) or a notice of deficiency *412 to petitioners. Specifically, it stated that: "This agreement will not reduce the period of time otherwise provided by law for making such assessment." The form did not provide any space for additions, limitations, comments, or notations. Instructions were contained on the back of the form, but did not address the manner of limiting consent. There were no marks or notations on the Form 872-A indicating that there were any additional agreements between the parties. Petitioners' income tax preparer, however, prepared a letter dated February 2, 1980 (hereinafter "February letter"), which was signed by petitioners on February 13, 1980. It stated: Reference the extending to statute of Limitation [sic] on the 1976 tax return. We are signing the extension waiver with two stipulations on it. 1. That the only part of the tax return that is left open is the Investment in Blue Ridge Coal. The return has been audited and accepted as filed. [sic] 2. That the waiver of the statute of limitations be limited to 8 weeks from the above date [February 2, 1980]. [5]
*413 Petitioner testified that he placed the February letter on top of the Form 872-A, and mailed both documents to the Service. There is no evidence that he enclosed a transmittal letter or other materials in the envelope. Respondent received the Form 872-A on February 15, 1980, but has no record of receiving the February letter and cannot find it in his administrative files. A fully executed copy of the Form 872-A was returned to petitioners together with a transmittal letter dated August 14, 1980 which stated: Enclosed is a copy of the above consent for your records. It extends the time in which we may assess tax for this period. Thank you for your cooperation. If you have any questions, please contact the person whose name and telephone number are shown above.
Petitioners did not attempt to respond to the August 14, 1980, letter. In February 1984, the Service telephoned petitioners to discuss their 1976 return. Petitioners referred the Service to their income tax preparer. Nonetheless, on November 4, 1985, the Service issued a notice of deficiency to petitioners covering calendar years 1976, 1978, 1979 and 1981. Petitioners maintain that the statute of limitations *414 bars assessment of the 1976 deficiency because the Form 872-A is invalid inasmuch as (1) it was not signed by an authorized representative for respondent; (2) the February letter limited the length and scope of the extension; (3) there was no "agreement" between petitioners and respondent to extend the statute of limitations; and (4) the length of time between the execution of the Form 872-A and the issuance of the notice of deficiency was unreasonable. Respondent maintains that the Form 872-A is valid because (1) the February letter was never received by respondent, and (2) even if it had been received, it did not alter the standard terms of the Form 872-A executed by the parties. Respondent also asserted, for the first time on brief, that petitioners are equitably estopped from relying on the February letter. OPINION Generally, income tax must be assessed within three years after an income tax return is filed. Section 6501(a). For that purpose, a return filed before the due date is considered as being filed on the date it was due. Section 6501(b)(1). This period may be extended, *415 however, if the taxpayer and the Internal Revenue Service execute a written agreement before expiration of the limitations period. Sec. 6501(c)(4). When a taxpayer alleges that assessment is barred by the statute of limitations and makes a prima facie case by proving the filing date of his income tax return and the expiration of the statute of limitations period prior to the mailing of the notice of deficiency, the burden of going forward with the evidence shifts from the taxpayer to respondent. Robinson v. Commissioner,57 T.C. 735, 737 (1972). Respondent may discharge this burden by showing that the parties executed a written consent, valid on its face, extending the period of limitation for assessment, and that the notice of deficiency was mailed prior to the expiration of the extended period. Adler v. Commissioner,85 T.C. 535, 540-541 (1985). [6] If respondent introduces an apparently valid consent and the taxpayer asserts that such consent is ineffective, the taxpayer again has the burden of going forward to affirmatively show the invalidity of *416 the written consent. Crown Williamette Paper Co. v. McLaughlin,81 F.2d 365 (9th Cir. 1936); Concrete Engineering Co. v. Commissioner,19 B.T.A. 212 (1930), affd. 58 F.2d 566 (8th Cir. 1932). However, the ultimate burden of persuasion (i.e., the burden of proof) is always borne by the party who pleads that the assessment is barred by the statute of limitations. Kronish v. Commissioner,90 T.C. 684, 692 (1988); Adler v. Commissioner, supra; Rules 39, 142(a). As applied to this case, petitioners have shown that the statute of limitations on their 1976 income tax return ordinarily would have expired on April 15, 1980, prior to the issuance of the notice of deficiency. Thus, the burden of going forward with the evidence shifted to respondent. Respondent carried this burden by introducing into evidence a duly executed Form 872-A that is valid on its face and by properly issuing a notice of deficiency prior to the expiration of the limitations period set forth in the Form 872-A. The burden of going forward then shifted *417 back to petitioners. Consequently, they now are charged with affirmatively showing us that the agreement evidence by the Form 872-A is invalid. Petitioners contend first that the Form 872-A is invalid because an unauthorized person executed it on behalf of respondent. [7]When a consent appears regular on its face and in accordance with the law, we generally presume that the party who signed it on behalf of respondent acted within the scope of his authority. [8]Concrete Engineering Co. v. Commissioner,19 B.T.A. 221 (1930), affd. 58 F.2d 566 (8th Cir. 1932). Petitioners have not shown us any evidence that the person signing the Form 872-A (David McCool) was acting outside the scope of his authority. Therefore, they have not overcome that presumption. Moreover, respondent produced documentary evidence showing that Mr. McCool was a Return Programs Manager at the time the written agreement was signed by the parties and that an individual holding such a position was authorized to sign documents extending the statute of limitations. [9] Consequently, we find that *418 the Form 872-A was properly executed by respondent. Next, petitioners maintain that the February letter limited the length and scope of the consent. A consent *419 to extend the period of limitations on assessment is not a contract but is a unilateral waiver of the taxpayer's defense on such ground. Piarulle v. Commissioner,80 T.C. 1035, 1042 (1983). Thus, for example, no consideration is necessary to give validity to such a consent. See United States v. Gayne,137 F.2d 522 (2d Cir. 1943). Nevertheless, section 6501(c)(4) requires that the parties reach written "agreement" regarding the extention, and it gives the parties freedom to decide the terms governing the extension. Pursell v. Commissioner,38 T.C. 263, 278 (1962), affd. per curiam 315 F.2d 629 (3d Cir. 1963). Consequently, contract principles are significant in reviewing a written extension agreement under section 6501(c)(4). Piarulle v. Commissioner,80 T.C. 1035, 1042 (1983). [10] Petitioners bear the burden of proving that the February letter was a part of their agreement with respondent. United States v. Gurley,415 F.2d 144, 147 (5th Cir. 1969); Rules 39, 142(a). Petitioners argue strenuously that *420 in determining the terms of the consent, we must consider both the Form 872-A and the February letter. Mr. Ribb maintains that he placed both the February letter and the Form 872-A in a single envelope and, since respondent admittedly received the Form 872-A, he also must have received the February letter. He submits that he is an "extremely careful" and "extremely precise" individual and would not have neglected to enclose the February letter when mailing the Form 872-A to respondent. Consequently, he claims that respondent is responsible for the absence of the letter and must be charged with its consequences. However, it is petitioners who are charged with proving that the February letter became part of the written agreement between the parties. We realize that Mr. Ribb was unable to produce any witnesses to corroborate his testimony because there simply was nobody else present when he mailed the documents to respondent. [11] However, in deciding whether petitioners sent and respondent received the February letter, we consider significant the fact that the February letter was not referenced on the Form 872-A nor was it physically attached thereto. In addition, petitioners *421 did not attach a transmittal letter referring to the documents enclosed. We believe that an "extremely precise" and "extremely careful" individual such as Mr. Ribb professes to be would normally have taken at least one of these precautions to assure that the two documents were properly correlated. Moreover, the fact that the February letter was not noted in respondent's records nor located in his administrative files is further evidence that it was never received by respondent. Petitioners point next to the period between the date respondent signed the Form 872-A (February 15, 1980) and the date respondent returned a copy thereof to petitioners (August 14, 1980). Petitioners maintain that this extraordinary *422 delay evidences an irregularity in processing caused by respondent's consideration of the February letter. We agree that the six month intervening period was an inordinate amount of time to acknowledge the receipt of a Form 872-A and probably was caused by some problem in handling petitioners' Form 872-A. However, petitioners have submitted no proof that the delay was caused by respondent's consideration of the February letter. [12] Consequently, we find that petitioners have not met their burden of proving that the February letter was enclosed with the Form 872-A; therefore, the letter could not have limited the scope and length of the parties' written agreement to waive the statute of limitations.
Alternatively, petitioners contend that if the February letter was not received and accepted by respondent then there was no "agreement" to extend the limitation period. The reason, petitioners *423 argue, is that they signed the Form 872-A with the understanding that its terms were limited by the conditions set out in the February letter whereas respondent signed that form without considering those conditions. However, it is the objective manifestation of mutual assent as evidenced by the parties' overt acts, not the parties' intentions, that we must take into account in deciding whether the parties have reached an "agreement" to extend the limitations period. Kronish v. Commissioner, supra; 1 S. Williston, Contracts sec. 22 (3d ed. 1957); 1 Restatement of Contracts 2d, sec. 19 (1979). We applied this principle in Kronish v. Commissioner, supra at 632, where the taxpayer explained that she would not have consented to the extend the limitations period had she known the written terms contained on the Form 872 [13] were different from those to which she had orally agreed. Nevertheless, we found that when the taxpayer intentionally signed the form she manifested her assent to the terms actually contained therein. Consequently, she was held to the terms of the Form *424 872. In Marx v. Commissioner,13 T.C. 1099, 1105 (1949), the taxpayer tried to take advantage of an error in the Service's letter that accompanied a copy of a previously-executed Form 872. We held that the consent form itself was controlling. In our opinion, we found that: The petitioner is trying to take advantage of the obvious error in this letter, but the Form 872 expressed the true and only agreement of the parties as to the extension of the statutory period for assessment. The petitioner and the Commissioner by Form 872, agreed that the period of limitations applicable to petitioner's tax liability for 1943 was extended to June 30, 1948. The notice of deficiency was mailed within that period and the statute of limitations has not run. [13 T.C. at 1105.] In Tallal v. Commissioner,77 T.C. 1291, 1294 (1981), affd. 778 F.2d 275 (5th Cir. 1985), the taxpayer had signed a Form 872-R that was unrestricted on its face. The taxpayer maintained that it was invalid because he executed it on the condition that his former *425 wife also sign and the Form 872-R did not contain her signature. In holding that the Form 872-R was valid, this Court stated: Nothing on the face of the consent states that Mr. Tallal was signing it on the condition that his former wife's signature to the consent be obtained. The consent is a written document. Had Mr. Tallal written on the Form 872-R that his granting of the extension of time for assessment and collection of the tax was conditioned on the signature of his former wife being obtained, we would have a different case, and we are not here deciding such a case. This record does not show that the revenue agent made any commitment to Mr. Tallal to obtain his former wife's signature. * * *. See United States v. Stewart,311 U.S. 60 (1940). Cf. Boulez v. Commissioner,76 T.C. 203, 213-214 (1981). [77 T.C. at 1294.] Finally, in Sager v. Commissioner,T.C. Memo. 1988-193, we held that the signing of a Form 872-A which was unambiguous and unrestricted on its face extended the statute of limitations for all items even though respondent's transmittal letter accompanying the unexecuted original referred *426 only to specific items. Since the taxpayers intentionally signed the Form 872-A with no language limiting its terms on either the face or back of the form, we found that it manifested their consent to the terms contained therein. So, too, in this case, petitioners signed the Form 872-A and mailed it to respondent for his signature without adding or subtracting anything to its standard terms. That they may have intended to do otherwise is not relevant to our decision. The fact of the matter is that their signatures manifest an agreement of the parties to extend the limitation period pursuant to the terms on the Form 872-A. Finally, petitioners contend that the Form 872-A remains effective only for a reasonable period of time notwithstanding that its terms extend the statute of limitations for an indefinite period. They emphasized that respondent issued the notice of deficiency more than 5-1/2 years after he executed the Form 872-A. Petitioners argue that this delay was not reasonable and that, therefore, their agreement had expired with the consequence that any assessment for 1976 is barred by the statute of limitations. Petitioners cite McManus v. Commissioner,65 T.C. 197, 208 (1975), *427 affd. 583 F.2d 443 (9th Cir. 1978) (holding that one year period between the normal expiration of the statute of limitations and the date on which respondent issued the statutory notice was insufficient to terminate a consent) in support of their position. We stated in that case, which also involved a consent to an indefinite stay, that: An agreement of the type in issue may very well not toll the statute of limitations indefinitely. This Court has held in several early cases that "an unlimited waiver extends the statutory period for a reasonable time, or until termination by either party upon reasonable notice." Ethel D. Co.,27 B.T.A. 25, 27-28 (1932), affd. 70 F.2d 761 (D. C. Cir. 1934). See also William S. Doig, Inc.,13 B.T.A. 256, 260 (1928); F. L. Bateman,34 B.T.A. 351, 358 (1936). [65 T.C. at 208.] [14]
However, we need not consider *428 the validity of petitioners' argument because a determination of reasonableness cannot be made by reference to the passage of time alone, but must be tempered by the facts of a particular case. See Pictorial Printing Co. v. Commissioner,38 F.2d 563, 565 (7th Cir. 1930, revg. on other grounds 12 B.T.A. 1407 (1928); Carriage Square, Inc. v. Commissioner,69 T.C. 119, 126 (1977). Petitioners have chosen not to enlighten us with regard to the circumstances surrounding respondent's adjustments to 1976. Therefore, we lack the factual underpinnings to even consider the issue. Most importantly, however, the Form 872-A executed by these parties unambiguously provides that it may be terminated by the performance of certain acts, not by the mere passage of time. Petitioners were in control of one of those acts. All they had to do was to properly execute and deliver a Form 872-T to respondent. They chose not to do this. Whatever reasons petitioners may have had for making this choice are not relevant for they took this road intentionally. Consequently, they must abide by the consequences of their decision. As we said in Grunwald v. Commissioner,86 T.C. 85, 89 (1986), *429 "A deal is after all a deal, and fairness dictates that both parties adhere to the provisions of the document they both voluntarily signed." We find, therefore, that the Form 872-A executed by these parties was valid at the time the notice of deficiency was mailed and, accordingly, the deficiency for 1976 is not barred by the statute of limitations. To reflect the stipulations of the parties, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise specified all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issues, and all rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Subsection (d) of section 6621 was redesignated as subsection (c) and amended by the Tax Reform Act of 1986. Section 1511(c)(1)(A)-(c), Pub. L. 99-514, 100 Stat. 2744. ↩
3. See "Stipulation Agreeing to be Bound" filed on August 3, 1987, and "Stipulation of Settled Issues" filed on October 20, 1987. ↩
4. The 872-A (rev. July 1979). ↩
5. Eight weeks from February 2, 1980, was March 29, 1980. However, petitioner testified that he believed the limitations period would expire on April 8, 1980, approximately eight weeks from the date the Form 872-A was executed by petitioners. ↩
6. See also Ballard v. Commissioner,T.C. Memo. 1987-471↩. 7. Petitioners first raised the issue of whether respondent properly executed the Form 872-A at trial. Although, normally, any issue not raised in the petition is deemed conceded, this issue was tried by consent of the parties. Rules 34(b)(4), 41(b)(1). ↩
8. See also Huffmeyer v. Commissioner,T.C. Memo. 1987-48; Bridges v. Commissioner,T.C. Memo. 1983-763; Lillis v. Commissioner,T.C. Memo. 1983-142, affd. by order (9th Cir., July 12, 1984); Schenk v. Commissioner,T.C. Memo. 1976-363↩. 9. We allowed respondent 30 days after trial to submit documents to show Mr. McCool had authority to execute the Form 872-A on respondent's behalf and granted petitioner 15 days thereafter to object and request an additional hearing on the matter. Respondent timely submitted such documents and petitioner did not object to their admission nor request a further hearing. ↩
10. See Brody v. Commissioner,T.C. Memo. 1988-203↩. 11. We are not required to accept petitioner's uncorroborated testimony. See, e.g., Christensen v. Commissioner,786 F.2d 1382, 1383-1384 (9th Cir. 1986), affg. and remanding a Memorandum Opinion of this Court; Archer v. Commissioner,227 F.2d 270 (5th Cir. 1955), affg. a Memorandum Opinion of this Court; Hradesky v. Commissioner,65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821↩ (5th Cir. 1976). 12. Compare Piarulle v. Commissioner,80 T.C. 1035, 1042 (1983), and Cary v. Commissioner,48 T.C. 754↩ (1967), where we held consent forms signed by the taxpayers were invalid because the forms were altered by respondent after the taxpayers signed them. 13. A Form 872 extends the statute of limitations for a specific period of time. ↩
14. See also Winn v. Commissioner,67 T.C. 499 (1976), affd. in part, revd. in part 595 F.2d 1060↩ (5th Cir. 1979).