BARRY A. SCHERR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Scherr v. Commissioner
Docket No. 25547-89
United States Tax Court
T.C. Memo 1991-92; 1991 Tax Ct. Memo LEXIS 111; 61 T.C.M. (CCH) 2049; T.C.M. (RIA) 91092; March 4, 1991, Filed *111 R. Stephen Scott, for the petitioner. Michael W. Bitner and Jeff P. Ehrlich, for the respondent. GERBER, Judge. GERBER
MEMORANDUM OPINION Petitioner moved for summary judgment pursuant to Rule 121. [1] The sole issue for our consideration is whether the assessment of the deficiencies and additions to tax determined by respondent is barred by the statute of limitations. By statutory notice of deficiency dated August 1, 1989, respondent determined deficiencies in and additions to petitioner's Federal income taxes in the following amounts: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2) [2]
1980
$ 40,038.88
$ 2,001.94
--
1981
45,706.97 2,285.35
* *112 1982
56,883.41 2,844.17
*
Petitioner states in his motion that there are no genuine issues of material fact with respect to the expiration of the period for assessment of the deficiencies determined for the taxable years 1980 through 1982. The arguments raised in petitioner's motion for summary judgment are as follows: (1) The Form 872-A (Special Consent to Extend the Time to Assess Tax) executed by petitioner's counsel did not operate to extend the period for assessment for the 1980 taxable year; (2) the nonrecognition provision of section 1034(a) applies to the 1980 sale of petitioner's personal residence and, therefore, the section 6501(e) 6-year period of limitations is inapplicable; and (3) petitioner effectively terminated the consents for taxable years 1981 and 1982 by sending a Form 872-T (Notice of Termination of Special Consent to Extend the Time to Assess Tax) to respondent prior to the mailing of a statutory notice to petitioner. Respondent objected to petitioner's motion arguing that there were genuine issues regarding *113 the following: (1) Whether section 6501(e) is applicable to the assessment of any deficiency in income taxes due from petitioner for 1980; (2) whether section 1034(j) is applicable to the assessment of a portion of any deficiency in income taxes due from petitioner for 1980 attributable to petitioner's sale of his personal residence; and (3) whether petitioner failed to properly provide respondent with a Form 872-T with respect to Forms 872-A which had been executed with respect to petitioner's 1981 and 1982 income tax returns. For reasons hereinafter stated, we deny petitioner's motion with respect to whether section 1034(a) applies to the 1980 sale of petitioner's personal residence and whether the consents for 1981 and 1982 were effectively terminated because of the existence of genuine issues of material fact. However, we grant partial summary judgment in favor of respondent on the issues of whether petitioner's counsel effectively extended petitioner's 1980 taxable year and whether section 1034(j) is applicable. The following facts were set forth in the parties' pleadings and supporting memoranda. At the time petitioner filed his petition in the present case, he resided in *114 Quincy, Illinois. Petitioner's Federal income tax return for 1980 was filed on or before April 15, 1981. Petitioner executed a power of attorney on February 18, 1985, empowering his counsel, Robert J. Butler (Butler), to represent him for the 1980 through 1983 taxable years. The power of attorney authorized Butler "to perform any and all acts that the principal(s) can perform with respect to" tax matters involving taxable years 1980 through 1983. A Form 872-A for taxable year 1980 was executed by Butler and respondent on or about January 14, 1987. During 1980, petitioner sold a tract of land consisting of commercial real estate and his personal residence. On petitioner's 1980 Federal income tax return, petitioner reported long-term capital gain in the amount of $ 82,000 which represented the proceeds from his "sale of land in California." The proceeds from the sale totaled $ 114,201.26. Petitioner did not report the gain from the sale of his personal residence but asserted that he was not required to report the gain since he purchased residential property located at 50 Monee Road, Park Forest, Illinois, within the statutory period of section 1034. Petitioner's Federal income *115 tax returns for 1981 and 1982 were filed on or before April 15, 1982, and April 15, 1983, respectively. On or about February 28, 1985, petitioner and respondent executed a Form 872-A extending the period of limitations for the 1981 taxable year. On or about October 3, 1985, the parties executed a Form 872-A extending the period of limitations for the 1982 taxable year. On April 23, 1986, petitioner executed a Form 872-T to terminate the aforementioned Forms 872-A agreements. The Form 872-T was mailed to respondent via certified mail addressed to "Chief, Appeals Office, Internal Revenue Service, 230 S. Dearborn, Chicago, IL 60604." However, the Form 872-T should have been mailed to the Internal Revenue Service Appeals Office at "219 S. Dearborn" in Chicago, Illinois, the office then considering the case. Rather, the Form 872-T was received by the Facilities Management Branch of the District Director's office. Subsequently, petitioner's counsel sent a letter dated April 13, 1987, to the Appeals Office at 219 S. Dearborn stating: In accordance with our telephone conversation today, enclosed is a photocopy of Form 872T with a certified receipt request, directed to the Chief, *116 Appeals Office. As I indicated, I have no knowledge of this form or the mailing of same, and I am merely copying the documents as I received them from the father of the taxpayer.
Enclosed with the letter was a copy of the Form 872-T which had been mailed to the "230 S. Dearborn" address along with a copy of Postal Service Form 3811 (Domestic Return Receipt). This letter was received by the Appeals Office in April 1987. Summary judgment under Rule 121 is derived from Rule 56 of the Federal Rules of Civil Procedure. It is intended to expedite litigation and avoid unnecessary and expensive trials of phantom factual questions. Cox v. American Fidelity & Casualty Co., 249 F.2d 616, 618 (9th Cir. 1957); Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Under Rule 121(b), a motion for summary judgment is granted when it is shown "that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact. Jacklin v. Commissioner, 79 T.C. 340, 344 (1982); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). *117 In considering the motion for summary judgment, we construe the facts in a manner most favorable to the opposing party. Naftel v. Commissioner, 85 T.C. 527 (1985). Section 6501(a) sets forth the general rule that a deficiency in income tax shall be assessed within 3 years after a tax return is filed. Section 6501(c)(4) provides an exception to this rule if the taxpayer and respondent execute a written agreement to extend the limitations period for assessment. A taxpayer pleading the period of limitations as a bar to the assessment of tax must make a prima facie case by proving the filing date of the return. Respondent must then go forward with countervailing proof that for some reason the period has not expired. Adler v. Commissioner, 85 T.C. 535 (1985); Robinson v. Commissioner, 57 T.C. 735 (1972). This burden can be met by introducing into evidence a consent, valid on its face, that extends the period for assessment. Concrete Engineering Co. v. Commissioner, 19 B.T.A. 212 (1930), affd. 58 F.2d 566 (8th Cir. 1932). [3] If the taxpayer then asserts the consent was ineffective, then *118 the taxpayer must prove the invalidity of the consent. See Rault v. Commissioner, T.C. Memo 1982-283; Price v. Commissioner, T.C. Memo 1981-693. Petitioner contends that the Form 872-A consent executed by Butler for 1980 was ineffective to extend the period of limitations on behalf of petitioner. If the Form 872-A executed by petitioner's counsel was invalid, the determined deficiency and additions to tax are barred by the 3-year period of limitations. Petitioner argues that the Form 872-A was invalid because the Form 2848 power of attorney did not give his counsel specific authority to execute the Forms 872-A on petitioner's behalf. The instructions on the Form 872-A provide: If you are an attorney or agent of the taxpayer(s), you may sign this consent provided *119 the action is specifically authorized by a power of attorney. If the power of attorney was not previously filed, please include it with this form.
We conclude that the power of attorney executed by petitioner gave petitioner's counsel the authority to sign the consent. "The general rule is that every general power implies every particular power necessary to its exercise or performance." Hobbs v. Commissioner, 26 B.T.A. 241, 255 (1932). The power of attorney expressly authorized Butler to perform any and all acts that petitioner could have performed with respect to tax matters involving taxable years 1980 through 1983. There is no evidence which would support a conclusion that petitioner limited his power of attorney so as to preclude Butler from executing an extension of the assessment period. Respondent asserts that there remains a genuine issue of material fact regarding the application of either section 6501(e) or section 1034(j) for the 1980 taxable year. Section 6501(e) provides for a 6-year period of limitations where a taxpayer omits in excess of 25 percent of the amount of gross income stated in the return. If section 6501(e) was applicable, *120 the 6-year period for assessment expired after the execution of the Form 872-A and prior to the issuance of the notice of deficiency. Petitioner argues that he did not omit in excess of 25 percent of the amount of gross income stated in the return but properly omitted such amount from his return in accordance with section 1034(a). Section 1034[4] provides for the nonrecognition of gain where a taxpayer sells one residence and purchases another residence to be used as his principal residence within a 2-year period. [5] *122 Gain must be recognized where a taxpayer purchases a new residence but does not occupy it as his principal residence within the required time. Respondent acknowledges that petitioner purchased residential property located at 50 Monee Road, Park Forest, Illinois, within the requisite 2 years. However, respondent argues that evidence exists which raises a genuine issue as to whether this residence was occupied as petitioner's principal residence within the required time. For example, respondent proffers evidence indicating that petitioner did not reside in Park Forest during the 2-year period following the sale of his residential property but rather resided in Quincy, *121 Illinois. Accordingly, we deny petitioner's motion for summary judgment on this issue because there is a genuine issue of material fact as to whether section 1034(a) is applicable. [6]
Respondent argues that even if petitioner properly omitted the gain from his return in accordance with section 1034(a), the mailing of the statutory notice was timely under section 1034(j) as it relates to assessment of the deficiency attributable to petitioner's sale of his personal residence because petitioner failed to notify respondent in the manner prescribed by the regulations. [7] In this case, petitioner failed to notify respondent as required by section 1034 and section 1.1034-1(i), Income Tax Regs. Accordingly, we grant a partial summary judgment on this issue *123 in favor of respondent and hold that respondent's notice of deficiency attributable to petitioner's sale of his personal residence was timely. *124 Respondent also asserts that there remains a genuine issue of material fact as to whether petitioner properly provided respondent with a Form 872-T to terminate consents executed with respect to petitioner's 1981 and 1982 income tax returns. If petitioner sent a Form 872-T to the proper Internal Revenue Service office, the determined deficiencies and additions to tax are barred by the 3-year period of limitations prescribed by section 6501(a). Under the Form 872-A agreements, petitioner was required to use a Form 872-T to terminate the agreements and begin the running of the 90-day period within which respondent was required to issue a statutory notice of deficiency. This 90-day period begins to run upon the receipt of a Form 872-T by the Internal Revenue Service office then considering the case. Petitioner mailed his Form 872-T to the Appeals Office, the Internal Revenue Service office then considering the case, but sent the form to the address of the District Director. Petitioner attempts to rely on a Memorandum Opinion of this Court for support of his argument that the Form 872-T effectively terminated the consents. In Freedman v. Commissioner, T.C. Memo 1986-257, *125 we concluded that a Form 872-T addressed to the "District Director of Internal Revenue, Attn: Chief Examination Division" at 1501 Broadway effectively terminated the taxpayers' consent because it was delivered to a suboffice of the Internal Revenue Service office then considering the case. The returns were actually being considered by the District Director's office located at 120 Church Street. We distinguished the facts in Freedman from a Memorandum Opinion of this Court where the Form 872-T was ineffective to terminate a consent because it was sent to a Service Center and not the District Director's office then considering the case. [8]
In this case, we are not able to determine whether Freedman is distinguishable because there are insufficient facts in the record at the present time. *126 Because of the close proximity of the two offices, several additional facts should be developed to establish, for example, whether there was actual receipt of the Form 872-T by the Appeals Office. It may also be helpful to know respondent's internal policy regarding misdirected mail between the Appeals Office located at 219 S. Dearborn Street and the District Director's office located at 230 S. Dearborn Street and whether there is a messenger who regularly delivers mail between the two offices. An additional fact which may help decide this issue is whether respondent has a policy to discard misdirected Form 872-T's rather than forward them to the proper office. Petitioner argues that the photocopy of the Form 872-T received by the Appeals Office in April 1987 effectively terminated the extension of the periods for assessment. The photocopy of the Form 872-T received by the Appeals Office could have effectively terminated the extension agreement. See Kovens v. Commissioner, 90 T.C. 452, 457 n.7 (1988). However, looking at the facts in a manner most favorable to respondent, we find that the letter accompanying the Form 872-T gives rise to a genuine issue of *127 material fact. The letter states: "In accordance with our telephone conversation today, enclosed is a photocopy of Form 872-T * * * I have no knowledge of this form or the mailing of same, and I am merely copying the documents as I received them from the father of the taxpayer." Because of the language used in this letter, we cannot conclude that the purpose of forwarding the Form 872-T to the Appeals Office was to terminate the extensions. If, for example, during the telephone conversation between petitioner's counsel and the appeals officer, petitioner's counsel stated that petitioner had terminated the extensions and forwarded the photocopy to ensure such termination, the Form 872-T would have effectively terminated the extensions and the periods of limitations for 1981 and 1982 would have expired prior to the mailing of the statutory notice. Accordingly, we will not grant petitioner's motion for summary judgment with respect to this issue. To reflect the foregoing, An appropriate order will be issued. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code as amended and in effect for the years in issue.↩
2. Sec. 6653(a) is imposed for 1980 and sec. 6653(a)(1) and (2) is imposed for 1981 and 1982.↩
*. 50 percent of the interest due on $ 45,706.97 and $ 56,883.41. ↩
3. See also Lefebvre v. Commissioner, T.C. Memo 1984-202, affd. per curiam 758 F.2d 1340 (9th Cir. 1985); Schenk v. Commissioner, T.C. Memo 1976-363↩.
4. Sec. 1034 provides in pertinent part: (a) Nonrecognition of Gain. -- If property (in this section called "old residence") used by the taxpayer as his principal residence is sold by him and, within a period beginning 2 years before the date of such sale and ending 2 years after such date, property (in this section called "new residence") is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price (as defined in subsection (b)) of the old residence exceeds the taxpayer's cost of purchasing the new residence.↩
5. Sec. 1034(a)↩ was amended in 1981 to provide for a 2-year rollover period. The 2-year period is applicable if the rollover period expires on or after the effective date of the amendment. Prior to the amendment, the Code provided for an 18-month rollover period. Here, the expiration of the 18-month rollover period is subsequent to the effective date of the amendment.
6. If the facts establish that petitioner failed to satisfy the requirements of sec. 1034(a)↩ by not replacing his principal residence within the requisite time, the 6-year period of limitations of sec. 6501(e) may apply because petitioner omitted in excess of 25 percent of the amount of gross income stated in his return. Sec. 6501(e)(1)(A)(ii) probably would not protect petitioner from application of the extended assessment period because the nature and amount of the omitted item of gross income were not disclosed in the return.
7. Sec. 1034(j) provides: (j) Statute of Limitations. -- If the taxpayer during a taxable year sells at a gain property used by him as his principal residence, then -- (1) the statutory period for the assessment of any deficiency attributable to any part of such gain shall not expire before the expiration of 3 years from the date the Secretary is notified by the taxpayer (in such manner as the Secretary may by regulations prescribe) of -- (A) the taxpayer's cost of purchasing the new residence which the taxpayer claims results in nonrecognition of any part of such gain, (B) the taxpayer's intention not to purchase a new residence within the period specified in subsection (a), or (C) a failure to make such purchase within such period; and (2) such deficiency may be assessed before the expiration of such 3-year period notwithstanding the provisions of any other law or rule of law which would otherwise prevent such assessment.↩
8. See Valk v. Commissioner, T.C. Memo 1984-622, affd. without published opinion 774 F.2d 1153 (3d Cir. 1985). See also Batte v. Commissioner, T.C. Memo 1989-319↩.