ALFRED J. DIESCHER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13121. Promulgated November 27, 1929.

*Joseph G. Carey*, *Esq.*, and *Mark H. Adams*, *Esq.*, for the petitioner.

*Arthur H. Murray*, *Esq.*, for the respondent.

OPINION.

LANSDON: Petitioner's first assignment of error raises the statute of limitations against the proposed assessment, also against the collection of the two prior assessments made March 20, 1923, and April 14, 1924, respectively, included in the deficiency asserted by respondent's audit letter dated February 6, 1926. The basic return in this case was filed March 29, 1918, and since each of the two assessments whose collection is thus challenged, was made prior to the effective date of the Revenue Act of 1924, they are governed by the five-year period of limitation then in effect. *Ocean Accident & Guarantee Corporation*, 6 B. T. A. 1045; *Carney Coal Co.*, 10 B. T. A. 1397; *Chicago Insulated Wire & Mfg. Co.*, 10 B. T. A. 1195; *Bowers* v. *New York & Albany Lighterage Co.*, 273 U. S. 346.

No proceedings having been instituted for the collection of either of these assessments before five years from the filing of said return, and the period of collection not having been waived, it follows that their collection is now barred. *D. C. Jackling*, 9 B. T. A. 312; *Theodore H. Wickwire, Jr., et al., Executors*, 10 B. T. A. 102; *Russell v. United States*, 278 U. S. 181.

Petitioner's first assignment of error, in so far as it pertains to these prior assessments, must be sustained. In respect to the additional assessment of $40,262.72, proposed in the audit letter, authority is claimed by respondent for its assertion by virtue of the waiver executed October 21, 1925. The petitioner contends that this waiver having been executed long after the running of the statute of limitations, is void for the want of consideration; also that its execution was procured under duress and is, therefore, without binding force. Petitioner's first objection to this waiver must be overruled in view of our prior holdings sustaining waivers executed after the expiration of the statute. *Stuart A. Russell*, 12 B. T. A. 56; *Ginn-Coleman Co.*, 12 B. T. A. 550; *Pictorial Printing Co.*, 12 B. T. A. 1407; *John W. Peale Estate*, 13 B. T. A. 1101; *Bradford Co.*, 14 B. T. A. 339; *Wells Brothers Co. of Illinois et al.*, 16 B. T. A. 79; *Greylock Mills*, 9 B. T. A. 1281; 31 Fed. (2d) 655.

Briefly summarized, the facts which the Board finds in connection with petitioner's contention that the waiver relating to his tax liability for 1917 was signed under duress are as follows: The tax return in question was timely filed on or about April 1, 1918. In the absence of waivers the statute of limitations tolled all liability thereon five years later or on or about April 1, 1923. In April, 1924, an agent of the Commissioner asked the petitioner to execute a waiver of the statutory time for assessing and collecting any additional tax liability for the years 1916 and 1917. This he refused to do, and following such refusal the agent then told the petitioner that unless he signed such a waiver a fraud penalty would be asserted and additional assessments based thereon would be made. Acting on advice of counsel the petitioner again refused to sign. A short time thereafter, the Commissioner held that the return for 1917 was false and fraudulent and made additional assessments of taxes and penalties in the respective amounts of $41,704.04 and $97,846.40. Later, and as a condition precedent to an office review of his tax liability for 1917, the charges of fraud in connection therewith, and the penalty imposed for such alleged fraud, the petitioner under protest and contrary to the advice of his attorney signed the waiver which he now contends was executed under duress and for that reason is void and invalid. After the waiver was signed the office review was had and on February 5, 1926, the Commissioner

mailed the petitioner the letter which is the basis of this proceeding. In such letter it was stated that the fraud penalty assessed on April 2, 1924, should not be asserted and the amount thereof was abated and treated as an overassessment, but the deficiencies theretofore determined for 1917 were reasserted in the total amount of $86,670.72.

The respondent contends that the facts above set out do not show that the waiver in question was executed under duress. He argues that, inasmuch as the law afforded other means for a review of the legality of his acts in asserting and assessing a fraud penalty, he was not obliged to grant an office conference and that his refusal so to do would have deprived the petitioner of no advantage that he then enjoyed. It is true that the petitioner was not limited to an office review to secure relief. After the denial of his claim for abatement he could bring the matter before this Board or he could pay the assessments under protest and sue in the Federal district court for a refund. It is obvious that, if the controversies could be settled by an office conference or review, the petitioner would be saved the trouble and expense of adjudication before the Board or in the district court. The waiver was signed, the conference was held, and the Commissioner contends that as a result thereof the fraud charge was withdrawn and the penalty was abated and that the petitioner can not therefore maintain his averment that the waiver was not a voluntary act or that it was without consideration.

In modern jurisprudence the definition of duress has been enlarged much beyond the narrow limits recognized in the common law. It is now well settled that if an act of one party deprives another of his freedom of will to do or not to do a specific act the party so coerced becomes subject to the will of the other, there is duress, and in such a situation no act of the coerced person is voluntary and contracts made in such circumstances are void because there has been no voluntary meeting of the minds of the parties thereto. See, *Denney* v. *Reber*, 63 Ind. App. 192; 114 N. E. 424; *Koewing* v. *Town of West Orange*, 89 N. J. L. 539; 99 Atl. 203; *Nelson* v. *Suddarth* (11 Va.), 1 Hen. & M. 350; *Herold* v. *Kahn*, 159 Fed. 608; *Quinn* v. *United States Fidelity & Guaranty Co.* (Minn.), 204 N. W. 156; *Davidson* v. *Bradford* (Ia.), 212 N. W. 476.

In the instant proceeding it is obvious that in signing the waiver the petitioner was not acting with a free will, but was coerced by the will of the respondent.

If there was fraud the respondent needed no waiver, since the statute never runs against additional tax due on a false and fraudulent return wilfully made. In these circumstances it is clear that if the petitioner had paid the additional tax and penalty he could have recovered the amount so paid in an action at law. *Swift Co.* v. *United States*, 111 U. S. 22; *Gear Scott & Co.* v. *Shannon*, 223

U. S. 468; *Atchison, Topeka & Santa Fe Ry. Co.* v. *O'Connor*, 223 U. S. 280; *Oceanic Steam Navigation Co.* v. *Stranahan*, 214 U. S. 320; *Robertson* v. *Frank Brothers Co.*, 132 U. S. 17. It would seem very strange, therefore, that a document signed under similar pressure of circumstances could be a voluntary act and more binding than the payment of money. The parties to the waiver were not dealing with each other at arm's length and the only election enjoyed by the petitioner was the opportunity to choose what he believed to be the lesser of two evils. The waiver was signed under duress and is invalid. At the date of the deficiency notice herein the five-year period of limitation had run against the petitioner's liability for any additional 1917 taxes and the Commissioner on that date, there being no valid waiver in existence, was without authority to determine the deficiency here in controversy.

In view of our findings and the conclusions reached above, it is unnecessary to consider the remaining questions raised in the pleadings.

Reviewed by the Board.

*Decision will be entered for the petitioner.*

MURDOCK dissents.