SPENCER K. MULFORD, SR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33490.   Promulgated January 19, 1932.

*Robert A. Littleton, Esq.*, for the petitioner.
*C. H. Curl, Esq.*, for the respondent.

OPINION.

BLACK: In support of his allegation that collection of the deficiency is barred by the statute of limitations, petitioner assigns the following reasons:

1. Because the document of February 5, 1923, does not specify the year for which it was given, it is void as a waiver for the year 1917.

2. The statement by an official of the Bureau on December 10, 1923, to the taxpayer's legal representative, that there was a waiver on file for the year 1917 that would shortly expire, was the misrepresentation of an existing fact, made for the purpose of inducing the taxpayer to execute the waiver of December 10, 1923, as the renewal of a prior waiver.

3. The waiver of December 10, 1923, was induced by the misrepresentation of an existing fact; obtained under duress, and is void.

4. The waiver of December 8, 1924, is the renewal of prior void waivers, and is also void.

5. The deficiency assessed and proposed to be collected is barred by the statute of limitations, and there is no deficiency in tax due from the taxpayer for the year 1917.

The reasons relied upon by petitioner in support of his contention that the deficiency is barred by the statute of limitations are so closely related that they may be discussed together, without treating them separately. If the waiver executed by petitioner on February 5, 1923, is valid to arrest the running of the statute of limitations against collection of the tax due under petitioner's return for the calendar year 1917, admittedly petitioner's appeal fails. His whole contention that the collection of the deficiency is barred by the statute of limitations is based upon the proposition that the waiver filed February 5, 1923, is void for uncertainty.

The blank space contained in the waiver for the insertion of the year or years to which it was applicable was not filled in and petitioner contends that such space should have been filled in with the figures " 1917 " and that because this was not done, the waiver is void for uncertainty. We do not agree to this contention. The evidence shows that the only contested tax case which the petitioner had pending with the Bureau of Internal Revenue at the time this waiver

of February 5, 1923, was signed by the petitioner and the Commissioner, related to the year 1917.

It seems perfectly plain from the facts introduced in evidence, that the waiver was intended to cover the year 1917; the Commissioner accepted it for that purpose, acted upon it, and granted petitioner the delay necessary for the further and more deliberate consideration of his claim that the additional tax liability which the Commissioner was asserting for 1917 was wrong.

The consent in writing waived the statute of limitations as to the determination, assessment and collection of the amount of taxes due under " any return made by or on behalf of the said (————————) for the years (——————) under the Revenue Act of 1921, or under prior income, excess-profits or war-profits tax or under Section 38 of the Act entitled ' An Act to provide revenue, equalize duties and encourage the industries of the United States and for other purposes', approved August 5, 1909, irrespective of any period of limitations. This waiver expires one year from date." The language would seem broad enough to waive the statute of limitations for the period of one year as to any tax return which petitioner had filed under the Revenue Act of 1921 or prior revenue acts. However, we are only called upon to decide its validity as to the year 1917 and we hold it a valid waiver for that year. In *Constitution Publishing Co.*, 22 B. T. A. 426, the taxpayer had filed a waiver purporting to waive the statute of limitations as to any taxes " due under any return made by or on behalf of said taxpayer for the year 1922, *seven months ended July 31* [italics supplied] under existing revenue acts or under prior revenue acts." Notwithstanding the ambiguity in the waiver, we held it valid for the calendar year 1922.

Where the taxpayer, by the execution of the waiver, has obtained delay in the collection of additional taxes and a more deliberate and thorough consideration of his claim in abatement, and where the waiver is regular in form, except in the respect which we have enumerated, and is in the possession of the proper governmental bureau, every presumption should be taken in favor of its validity and binding effect. Cf. *Trustees for Ohio & Big Sandy Coal Co.* v. *Commissioner*, 43 Fed. (2d) 782; *Stern Bros. & Co.* v. *Commissioner*, 51 Fed. (2d) 1042.

On the authority of the above cited cases we hold the waiver of February 5, 1923, a valid waiver. The waiver of February 5, 1923, being a valid waiver, there was no duress exerted by the Commissioner in securing petitioner's signature to the renewal waiver of December 10, 1923. The Commissioner's representative, Phillips, merely stated to petitioner's legal representative that unless the waiver then on file was renewed, an immediate assessment of the

tax claimed would be made against petitioner. It is not duress on the part of the Commissioner to give the taxpayer notice that he is going to use the lawful means provided by the statute to assess and collect the tax. *Burnet* v. *Chicago Railway Equipment Co.*, 282 U. S. 295.

The assessment made by the Commissioner against petitioner December 23, 1925, was not barred by the statute of limitations when made. The assessment having been made after the effective date of the Revenue Act of 1924, the Commissioner had six years from the date of the assessment in which to collect the tax, and the collection was not barred at the time the Commissioner rejected petitioner's claim in abatement—November 4, 1927, nor at the time petitioner filed his petition in this proceeding. Section 278(d), Revenue Acts 1924 and 1926. *Northwestern Barb Wire Co.* v. *United States*, 42 Fed. (2d) 579; *Aiken* v. *Burnet*, 282 U. S. 277.

*Decision will be entered for the respondent.*