J. PITTS JARVIS, JR. AND MARGUERITE F. JARVIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jarvis v. Commissioner
Docket No. 11194-77.
United States Tax Court
T.C. Memo 1980-381; 1980 Tax Ct. Memo LEXIS 207; 40 T.C.M. (CCH) 1225; T.C.M. (RIA) 80381; September 15, 1980, Filed *207 Held: Petitioners' consent to extend the statute of limitations was not secured under duress. Heldfurther: Respondent's determination on the substantive issues herein is sustained in view of petitioners' failure in their petition to assign error to respondent's adjustments and the failure to allege facts supporting their objections thereto. J. Pitts Jarvis, Jr., pro se. Deborah Jaffee, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: By letter dated August 22, 1977 respondent determined a deficiency of $956.47 in petitioners' 1973 Federal income tax. [1] Initially, we must determine whether petitioners' consent to extend the statute of limitations through December 31, 1977 was secured under duress. Should we determine that petitioners' consent was validly obtained then we are presented with the following issues: (1) whether certain automobile expenses deducted by petitioners as employee business expenses are allowable as ordinary and necessary business expenses under section *209 162; [2] and (2) whether contributions to the United States Civil Service Retirement Plan may be properly deducted by petitioners. FINDINGS OF FACT Petitioners J. Pitts Jarvis and Marguerite F. Jarvis are husband and wife who resided in Guatemala, Central America at the time of the filing of the petition herein. A joint 1973 Federal income tax return was timely filed by petitioners with the Internal Revenue Service Center at Ogden, Utah.Petitioners were residents of Hereford, Arizona, during the year in issue. An audit of petitioners' 1973 return began on or about June 27, 1975. A report detailing proposed adjustments to petitioners' 1973 taxes was sent to petitioners on January 15, 1976. Petitioners subsequently indicated to the Internal Revenue Service their desire to discuss the report. However, for a variety of reasons including petitioners' incessant travels no immediate conference could be conducted. By letter delivered in October of 1976 petitioners were informed by the Internal Revenue Service that a notice of deficiency for the taxable year 1973 would be sent to them whereupon *210 they could, within 90 days of the issuance of the notice, petition the Tax Court for a redetermination of their tax liability. On October 29, 1976 petitioners contacted respondent by telephone reiterating their request for a conference. In response to the request, respondent agreed to withhold a recommendation respecting the issuance of a notice of deficiency and to hold a conference with petitioners during the next trip to Tucson by a conferee. This agreement was confirmed in petitioners' letter to respondent, dated October 29, 1976. Petitioners' 1972 return was also under examination by the Internal Revenue Service. During the course of its examination petitioners executed a Form 872 extending the statute of limitations for assessment of any 1972 income tax deficiency. A District conference was conducted in Tucson on January 27, 1977 attended by J. Pitts Jarvis and Charles Allen of the Internal Revenue Service. At the conference Mr. Allen requested that a Form 872 (Consent Fixing Period of Limitation Upon Assessment of Income Tax) be executed by the petitioners extending the statute of limitations for assessment of 1973 income taxes through December 31, 1977. Petitioner *211 J. Pitts Jarvis understood that there would be no conference with the Appellate Division of the Internal Revenue Service and a notice of deficiency for 1973 would be issued if he did not execute the consent form. Consequently, on January 28, 1977 petitioners signed Form 872 extending the statute of limitations for 1973 through December 31, 1977. Respondent's agent signed the form on February 10, 1977.
On April 27, 1977 a second district conference was held.This conference was attended by Mr. Allen, petitioner J. Pitts Jarvis, and an accountant representing petitioners. A tentative agreement was reached at the conference respecting the taxable year 1973. Yet for reasons not made adequately clear from the record, at no time in the ensuing months did petitioners respond to a report of the proposed deficiency and thus a closing of petitioners' case before the Internal Revenue Service was not effected. Therefore, by letter dated July 7, 1977 petitioners were informed by the Internal Revenue Service that their file was being removed from Conference consideration with a recommendation that a notice of deficiency be issued. A notice of deficiency was mailed to petitioners for the taxable *212 year 1973 on August 22, 1977. The only conference conducted subsequent to the issuance of the notice of deficiency was in the late summer of 1978 when petitioner J. Pitts Jarvis met with the District Counsel in New Orleans. Apparently the 1978 conference was originally scheduled to be with the Appellate Division of the Internal Revenue Service but because petitioners' case was already docketed for trial at the time of the scheduled appointment, the conference was held with the District Counsel. In his notice of deficiency respondent disallowed $2,120.10 of automobile expenses claimed by petitioners as employee business expenses. Respondent also disallowed $2,113.33 of deductions taken by petitioners respecting contributions to the United States Civil Service Retirement Plan. OPINION The principal dispute between the parties herein focuses on the validity of a Form 872 (Consent Fixing Period of Limitation Upon Assessment of Income Tax) executed by petitioners on January 28, 1973 which extended the statute of limitations for assessment of any 1973 income tax through December 31, 1977. Petitioners assert that their consent was secured under duress. Section 6501(a) [3] provides *213 generally that taxes shall be assessed within 3 years after a return is filed. The relevant exception to the 3-year rule is embodied in section 6501(c)(4): (c) Exceptions.-- (4) Extension by agreement.--Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title, except the estate tax provided in chapter 11, both the Secretary or his delegate and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent *214 agreements in writing made before the expiration of the period previously agreed upon. See also section 301.6501(c)-1(d), Procedure and Administration Regulations. When the taxpayer makes a prima facie case ay alleging that assessment is barred by the statute of limitations and proving the filing date of the return, the Commissioner must go forward with countervailing evidence pointing to the fact that for some reason the period of limitation had not expired when the notice of deficiency was issued. The Commissioner's burden of going forward with proof may be discharged by the introduction of a consent, valid on its face, which extended the statute of limitations such that the mailing of the statutory notice of deficiency was timely. Concrete Engineering Co. v. Commissioner, 19 B.T.A. 212 (1930), affd. 58 F.2d 566 (8th Cir. 1932). Petitioners contend that since their 1973 return was timely filed the statute of limitations for assessment of income tax expired on April 15, 1977. [4] Respondent has introduced a consent signed by petitioners on January 28, 1977, valid on its face, which extended the statute of limitation through December 31, 1977. *215 Where the Commissioner has introduced an apparently valid consent and the taxpayer asserts that such consent was ineffective, then it is the taxpayer who is required to affirmatively show the invalidity thereof. Crown Willamette Paper Co. v. McLaughlin, 81 F.2d 365 (9th Cir. 1936); Concrete Engineering Co. v. Commissioner, supra.Therefore, petitioners bear the burden of proving their contention that their consent was secured under duress. We believe petitioners have failed to show that their execution of Form 872 was obtained under duress. Petitioners maintain that because they were made to understand at the District conference of January 27, 1977 that if they did not execute Form 872 they would lose their right to appeal to the Appellate Division of the Internal Revenue Service, the consent which they executed on January 28, 1977 was obtained under duress. We believe that this contention falls short *216 of spelling out a case of duress. It is not duress on the part of the Commissioner to give the taxpayer notice that he is going to use lawful means to assess and collect the tax. Burnet v. Chicago Railway Equipment Co., 282 U.S. 295 (1931); Mulford v. Commissioner,25 B.T.A. 238 (1932), affd. without discussion of their point, 66 F.2d 296 (3rd Cir. 1933).Our findings indicate that indeed petitioners were made to understand that no appointment with the Appellate Division could be set up without the execution of Form 872. It was evident, however, that without a consent to extend the statute of limitations, the holding of an Appellate conference with petitioners would have placed respondent in the position of ultimately issuing an untimely notice of deficiency. Thus, the refusal to conduct an Appellate Conference without petitioners' execution of Form 872 was a necessary step in respondent's pursuit of the lawful means provided for income tax assessment. We are not faced herein with a case where respondent has threatened the petitioners with a fraud penalty should a consent not be signed. See Diescher v. Commissioner, 18 B.T.A. 353 (1929). *217 Nor is this a case where as a result of contact with the Internal Revenue Service the taxpayer believed that his property was subject to seizure it execution of a consent to extend the period of limitations was not forthcoming. See Robertson v. Commissioner, T.C. Memo. 1973-205. Rather we are presented with a situation where petitioners were made fully aware, through respondent's letter sent in October of 1976, that if a notice of deficiency would be issued then petitioners could proceed to address their grievances to the Tax Court. Respondent's representation that no Appellate conference could be had without the execution of Form 872 merely protected respondent from the bar of the statute of limitations. Moreover, respondent issued his proposed deficiency in the instant case in a report sent to petitioners on January 15, 1976, a full 15 months before the statute of limitations expired. Owing, at least in part, to petitioners' frequent travels, time marched on without the conduct of a conference between the parties until January 27, 1977. At this point the statute of limitations was to expire in less than 3 months and respondent merely exercised prudence in requesting *218 the execution of Form 872. [5] Therefore, we hold that petitioners' consent to extend the statute of limitations for 1973 through December 31, 1977 was not acquired through duress. *219 Petitioners rely heavily on Robertson v. Commissioner, supra, wherein we held that the taxpayers' consent to extend the statute of limitation was secured under duress. However, in that case the taxpayers were advised that their return was being reviewed only a little more than 2 weeks prior to the expiration of the statute of limitations. Furthermore, the taxpayers in Robertson were advised by an Internal Revenue Service agent that if they did not sign the extension from then "the tax will be collected through a proper process * * * whichever way it takes to get the money." The taxpayers were not advised of the possibility of a conference nor were they advised of the amount of tax involved. In the instant case, petitioners' returns were first audited on or about June 27, 1975, almost 2 years prior to the expiration of the statute of limitations.A report detailing the proposed deficiency was sent to petitioners on January 15, 1976. Any delay in scheduling conferences was due, at least in part, petitioner' frequent travels. Petitioners had prior dealings with the Internal Revenue Service respecting their 1972 return while the taxpayers in Robertson *220 had never previously dealt with the Internal Revenue Service. Furthermore, petitioners were not told that they would have to pay the tax proposed if no Form 872 was signed. Rather, petitioners were aware, through correspondence with the Internal Revenue Service, that a notice of deficiency would be issued in the event a Form 872 was not filed, and that any grievances petitioners had could then be addressed to the Tax Court. Having decided that petitioners Form 872 was validly secured thus resulting in a timely notice of deficiency, we now direct our attention to the substantive issues herein, i.e., whether certain employee business expenses and contributions to United States Civil Service Retirement Plan were properly disallowed by respondent. The petitioners did not include these issues in their petition, nor was any evidence introduced at trial concerning the substantive issues herein. Rule 34(b)(4) of the Tax Court Rules of Practice and Procedure provides as follows: (b) Content of Petition in Deficiency or Liability Actions: The petition in a definciency or liability action shall contain: (4) Clear and concise assignments of each and every error which the petitioner *221 alleges to have been committed by the Commissioner in the determination of the deficiency or liability. The assignments of error shall include issues in respect of which the burden of proof is on the Commissioner.Any issue not raised in the assignment of errors shall be deemed to be conceded. Each assignment of error shall be separately lettered. [Emphasis supplied.] In addressing the predecessor of Rule 34(b)(4) we have held that while a petitioner may choose to rely only upon the defense of the statute of limitations, he must disclose in his petition the facts supporting his objections to respondent's income adjustments if he expects to contest the correctness of the deficiencies. Klein v. Commissioner, 45 T.C. 308, 310 (1965). Accordingly, petitioners' failure in their petition to assign error to respondent's adjustments and the failure to allege facts supporting their objections thereto compel us to find for respondent on both of the substantive issues herein. In light of the foregoing, Decision will be entered for the respondent. Footnotes
1. Respondent's notice of deficiency dated August 22, 1977 determined an additional deficiency of $3,818.78 for the taxable year 1974. In view of the fact that the petition herein concerns itself only with 1973 we are precluded from addressing the asserted deficiency for 1974.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
3. Section 6501 (a) provides: (a) General Rule.--Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.↩
4. While petitioners may have filed their 1973 returns before April 15, 1974, section 6501(b)(1) provides that, for the purposes of section 6501, a return filed before the due date shall be considered as being filed on the date it is due.↩
5. What appears to be irking petitioners is that they believed that an Appellate conference would be forthcoming at some time after they executed Form 872 on January 28, 1977. The record discloses that a second District conference was held on April 27, 1977 wherein it seemed that, with the aid of petitioners' accountant, a tentative agreement had been reached respecting petitioners' 1973 return. Petitioners, however, did not subsequently respond to a report of the proposed deficiency issued by respondent.It is no wonder that on July 7, 1977, 2 and 1/2 months after the tentative agreement, petitioners were informed by the Internal Revenue Service that their case was to be closed from the Conference function with the recommendation that a notice of deficiency be issued. The notice was sent on August 22, 1977. Although it appears that petitioners were subsequently scheduled for conference with the Appellate branch of the Internal Revenue Service in New Orleans, pursuant to Rev. Proc. 78-9, 1978-1 C.B. 563↩ which deals with the jurisdiction of Counsel and the Appellate Division of the Internal Revenue Service, a conference with the District Counsel was held in its stead. Thus, whatever the advantages of having an Appellate conference as opposed to a District Counsel conference, if any, it appears that a District Counsel conference was appropriate in light of petitioners' failure to respond to the Internal Revenue Service after a tentative agreement was reached, thus resulting in the issuance of the notice of deficiency.