T.C. Memo. 2004-155

UNITED STATES TAX COURT

GREGORY L. SHIREMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 659-03L.          Filed June 29, 2004.

Gregory L. Shireman, pro se.

<u>Jason Anderson</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  The petition in this case was filed in
response to the Notice of Determination Concerning Collection
Action(s) Under Section 6320 and/or 6330 (notice of
determination).[1]  After concessions, the issue for decision is

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended.

whether there was an abuse of discretion in the determination that collection action could proceed for Federal income tax liabilities for 1996 and 1997.[2]

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

At the time he filed the petition, petitioner resided in Wauconda, Illinois.

Petitioner did not file a Federal income tax return for 1996.  On April 14, 1998, petitioner filed a Federal income tax return for 1997, reporting a total income of zero and requesting a refund of $1,365.[3]  Petitioner attached to his 1997 tax return a 2-page letter that asserted basic tax-protester arguments and a Form W-2, Wage and Tax Statement, for 1997 that reported wages of $38,300 and Federal income tax withheld of $1,365.  On May 5, 1998, respondent filed substitute for returns for petitioner for 1996 and 1997.

---

[2]  The notice of deficiency along with the notice of intent to levy were issued for, and this petition was filed for, 1996, 1997, and 1999.  After petitioner's Appeals hearing, the Appeals officer determined that respondent incorrectly assessed petitioner's income tax liability for 1999.  Respondent abated the assessment for that year and this case, insofar as it relates to 1999, was dismissed as moot.

[3]  Amounts are rounded to the nearest dollar.

On May 2 and 3, 2000, respondent conducted an audit of petitioner's taxable years 1996 and 1997. During the audit petitioner was told that if he did not sign the Form 4549-CG, Income Tax Examination Changes (Form 4549-CG), respondent would follow the proper procedures to assess and collect the tax. The examiner informed petitioner that this could include respondent's filing a lien against or levying petitioner's property. Petitioner told the examiner he wanted to think about it overnight before he signed the Form 4549-CG, and he would give the examiner his answer in the morning.

On May 3, 2000, petitioner signed a Form 4549-CG accepting respondent's adjustments for 1996 and 1997. Petitioner signed the Form's "Consent to Assessment and Collection," which reads as follows:

> Consent to Assessment and Collection - I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States Tax Court the findings in this report. Therefore, I give my consent to the immediate assessment and collection of any increase in tax and penalties, and accept any decrease in tax and penalties shown above, plus additional interest as provided by law. * * *

After the audit, the examiner stated in his notes:

> Despite the numerous frivolous filer information in the back of this case file, the taxpayer, Gregory Shireman, wants to fully cooperate with the IRS in getting his tax returns in order. Since the initial filing of the 1996-1997 Substitute for Returns, he has signed the audit report for these years and now wants to file his 1998-1999 1040's at the time he submits his Offer and Compromise with Collection.

> * * * * * * *

Penalties were not assessed since the taxpayer was fully cooperative and wants to eventually file an Offer and Compromise with Collection.

On July 24, 2000, respondent assessed tax liabilities, including additions to tax and interest, against petitioner in the amounts of $861 and $6,995 for 1996 and 1997, respectively. Respondent sent petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing (Final Notice) for 1996 and 1997, on November 10, 2000.

On December 8, 2000, respondent received from petitioner a Form 12153, Request for Collection Due Process Hearing. In the Form 12153 petitioner argued that "The numbers are all wrong, you owe me a refund." Petitioner attached to the Form 12153 a 3-page statement that contained tax-protester arguments.

In October 2001, petitioner mailed a document entitled "Notice of Revocation of Signatures and Affidavit in Support Thereof" to Treasury Secretary Paul O'Neill, IRS Commissioner Charles Rossotti, and Attorney General John Ashcroft. Petitioner also mailed a letter entitled "Request for Status Determination" to IRS Commissioner Charles Rossotti. Both of these documents contained tax-protester arguments.

Prior to the section 6330 hearing (hearing), respondent sent petitioner transcripts of account for 1996 and 1997 at petitioner's request.

Petitioner and the Appeals officer held two telephone conversations on July 2, 2001, and October 23, 2001. After the telephone conversations petitioner submitted a 50-page document that contained tax-protester arguments.

A face-to-face meeting was held on December 19, 2001, at which petitioner told the Appeals officer that he believed he had been coerced into signing the Form 4549-CG. Petitioner was allowed to review the Appeals officer's administrative file and was provided copies of documents he requested.

On January 14, 2002, petitioner submitted a 37-page written document to the Appeals officer. The document contained tax-protester arguments.

In the December 12, 2002, Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 for 1996 and 1997, the Appeals officer found there to be "no credible evidence that any Internal Revenue Service employee procured the taxpayer's waiver of the restrictions on assessment through duress, coercion, fraud, or misrepresentation." The Appeals officer also determined that collection may proceed for 1996 and 1997. In making the determination, the Appeals officer relied on transcripts of petitioner's account to verify the assessments.

On January 10, 2003, petitioner filed a petition for judicial review of respondent's determination with the Court.

At trial petitioner insisted that he realized he had erred by making arguments during the examination and appeals process that had neither legal nor factual support.

OPINION

Under section 6330, no levy may be made on any property or right to property of a taxpayer unless the Secretary has notified the taxpayer in writing of his right to a hearing held with an impartial officer of the Internal Revenue Service Office of Appeals. Sec. 6330(a) and (b). During the hearing, the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives. Sec. 6330(c)(2)(A). The taxpayer may also raise challenges to the existence or amount of the underlying tax liability for any tax period if he did not have an opportunity to dispute such tax liability. Sec. 6330(c)(2)(B).

Where the underlying tax liability is properly at issue in the hearing, we review the issue de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Petitioner did challenge his underlying tax liability at his hearing with the Appeals officer. However, because we conclude, for the reasons discussed below, that petitioner's waiver of restrictions on assessment is valid, petitioner may not dispute his underlying tax liability before the Court. See Horn v. Commissioner, T.C. Memo. 2002-207.

Therefore, we review the Appeals office's determination for an abuse of discretion. Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Nicklaus v. Commissioner, 117 T.C. 117, 120 (2001); see Sego v. Commissioner, 114 T.C. 604, 610 (2000).

Petitioner alleges that respondent coerced him into signing the Form 4549-CG, which waived the restrictions on assessment for 1996 and 1997. If a taxpayer signs a waiver under duress or coercion, the waiver is invalid. Diescher v. Commissioner, 18 B.T.A. 353, 358 (1929). However, where respondent threatens to take legally authorized actions if a taxpayer does not sign a waiver, neither duress nor coercion exist, and the waiver is valid. See Ballard v. Commissioner, T.C. Memo. 1987-471, affd. 851 F.2d 359 (5th Cir. 1988); Price v. Commissioner, T.C. Memo. 1981-693, affd. without published opinion 742 F.2d 1460 (7th Cir. 1984).

Petitioner claims he felt he had no other choice but to sign the waiver. However, he provided no evidence of duress, coercion, fraud, or misrepresentation in this case. The examining officer's conduct does not approach conduct which we have found to constitute duress. See Diescher v. Commissioner, supra (threat to impose fraud penalties if taxpayer did not sign waiver constituted duress); Robertson v. Commissioner, T.C. Memo. 1973-205 (threat to seize taxpayer's house if he did not sign a form constituted duress). By informing petitioner that

respondent would proceed against petitioner and that respondent could file a lien against or levy petitioner's property, the examiner was giving petitioner notice that respondent was going to use the lawful means provided by statute to assess and collect the taxes. See Ballard v. Commissioner, supra; Price v. Commissioner, supra; Narragansett Wire Co. v. Commissioner, T.C. Memo. 1973-135, affd. 491 F.2d 371 (1st Cir. 1974).

We agree with respondent and conclude that petitioner did not sign the Form 4549-CG under duress, coercion, fraud, or misrepresentation, and that petitioner's waiver of restrictions on assessment is valid.

Petitioner also argues that respondent erred by concluding that no notices of deficiency were required to be issued for 1996 and 1997. This argument has no merit. By signing Form 4549-CG, petitioner consented to the immediate assessment of the tax liability set forth therein plus any penalties and interest and agreed not to receive any notices of deficiency. Aguirre v. Commissioner, 117 T.C. 324, 327 (2001); see Perez v. Commissioner, T.C. Memo. 2002-274.

Likewise, we reject petitioner's argument that respondent erred by failing to verify that all applicable laws and administrative procedures were met. Under section 6330(c)(1), during a hearing, an Appeals officer is required to obtain verification from the Secretary that the requirements of any

applicable law or administrative procedure have been met.  Sec. 6330(c)(1).  However, section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy this verification requirement.  See Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); Weishan v. Commissioner, T.C. Memo. 2002-88, affd. 66 Fed. Appx. 113 (9th Cir. 2003); Lindsey v. Commissioner, T.C. Memo. 2002-87, affd. 56 Fed. Appx. 802 (9th Cir. 2003); Tolotti v. Commissioner, T.C. Memo. 2002-86, affd. 70 Fed. Appx. 971 (9th Cir. 2003); Duffield v. Commissioner, T.C. Memo. 2002-53; Kuglin v. Commissioner, T.C. Memo. 2002-51.

In this case the Appeals officer obtained and reviewed transcripts of petitioner's account.  The transcripts contained the information required by section 301.6203-1, Proced. & Admin. Regs., such as the identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment.

Petitioner has not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessment or the information contained in the transcripts.  See Davis v. Commissioner, 115 T.C. 35, 41 (2000); Mann v. Commissioner, T.C. Memo. 2002-48.  Accordingly, we conclude the Appeals officer satisfied the verification requirement of section 6330(c)(1).  See Nicklaus v. Commissioner,

supra at 120-121; Cipolla v. Commissioner, T.C. Memo. 2004-6; Weishan v. Commissioner, supra; Lindsey v. Commissioner, supra.

Petitioner has not presented any evidence or persuasive arguments to convince us that respondent abused his discretion. As a result, we hold the issuance of the notice of determination was not an abuse of respondent's discretion and respondent may proceed with collection.

The Court may sua sponte determine whether to impose a penalty under section 6673(a) against petitioner. Pierson v. Commissioner, 115 T.C. 576, 580 (2000); Jensen v. Commissioner, 2004-120; Frey v. Commissioner, T.C. Memo. 2004-87; Frank v. Commissioner, T.C. Memo. 2003-88; Robinson v. Commissioner, T.C. Memo. 2003-77.

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court the taxpayer's position in such a proceeding is frivolous or groundless. Sec. 6673(a)(1)(B).

As a pro se litigant, petitioner struggled in making proper arguments. However, we believe petitioner instituted this action in good faith. There is no evidence that petitioner has previously been a litigant in this Court, nor are we persuaded that petitioner maintained this suit primarily to delay payments

of his taxes.  Therefore, we decline to impose a penalty under section 6673(a), but admonish petitioner that we shall not be inclined to exercise our discretion so favorably in the future if he persists in pursuing frivolous arguments before this Court. See Sides v. Commissioner, T.C. Memo. 2004-141; Kaeckell v. Commissioner, T.C. Memo. 2002-114.

In reaching our holding herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude that they are irrelevant or without merit.

Decision will be

entered for respondent.